UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Debora Schmidt and James T. Schmidt<br>Plaintiff,<br>vs.<br>Fein Such Kahn & Shepard, PC<br>Defendant | Civil Action No.<br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs, Debora and James T. Schmidt, hereby Complain of Defendants as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is appropriately laid in the United States District Court, District of New Jersey pursuant to 28 USC 1331 as the claim in question is based upon a federal statute and Federal Question Jurisdiction.

2. Venue is appropriately laid in the District Court of New Jersey pursuant to 28 USC §1391(b)(2) as the events giving rise to the claim occurred substantially within the State of New Jersey.

**PARTIES**

3. Plaintiffs are the owners and residents of 14 Nina Place, Randolph, NJ where they have lived with their two children, having purchased it in May 2002.

4. Fein Such is a law firm in New Jersey that specializes in debt collection.

FACTS COMMON TO ALL COUNTS

5. Plaintiffs refinanced their property in August 2007 and their loan was held by Wells Fargo.

6. After the husband lost his job, the plaintiffs were unable to pay their mortgage in fall 2016.

7. Fein Such wrote a letter to the plaintiffs claiming that their loan had not been paid in August 2016, which was false. The plaintiffs had paid their loan within the grace period in August 2016 but were unable to pay it beginning in September 2016. Plaintiffs had previously advised Wells Fargo that the loan had been paid in August 2016.

8. Fein Such was not retained by Wells Fargo until after the plaintiffs' loan went into default.

9. While the plaintiff in the foreclosure suit is an HSBC trust, the assignment pursuant to which the trust owns the mortgage was improper and therefore void. The reason for this is that at the time that the assignment was made, 7 years later, the trust had long since been closed.
9a. Fein, Such has fraudulently attempted to collect a debt and has fraudulently filed a Foreclosure Complaint against Plaintiffs on behalf of HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-14, hereinafter referred to as "HSBC". Paragraph 2.1 of Defendant's Foreclosure Complaint states that Wells Fargo Bank, N.A. assigned Plaintiff's mortgage to HSBC on May 11, 2015 (copy attachec The Trust was formed as a vehicle for purchasing mortgage backed securities. The Trust is subject to the terms of the Pooling and Servicing Agreement ("the PSA").
9b. The PSA set forth the manner in which mortgages would be purchased by the trust, as well as the duties of the trustee. Section 2.01(a) of the PSA requires that transfer and assignment of mortgages must occur on or before the Closing Date. Section 11.20 states that the Closing Date is September 28, 2007. (Exhibit A -- official PSA obtained from the United States of America Securities and Exchange Commission attached). HSBC is not in fact the owner of the mortgage because the assignment[1] occurred after the trust had closed in violation of the terms of the PSA. The assignment occurred more than seven years after the Closing Date and as such is VOID. Fein, Such as attorney for HSBC should be well aware of laws pertaining to these types of mortgage Trusts
10. The period of operation for the HSBC Trust was limited. It was only during that period that the loan could have been purchased by the Trust. The alleged transfer took place several years after the operations of the Trust closed. Under New York law (which governs the HSBC trust) any act in contravention to the terms of the Trust are void. As a result, the assignment was void.
11. The subject loan was already declared to be in default at the time of the Transfer. Hence the loan was not a "qualified" loan under the terms of the PSA. Due to these deficiencies, none of the presumptions under the NJ UCC apply as to possession, holder or endorsement of the note.

[1] **A true copy of the assignment is attached as Exhibit B.**

12. In January 2017, defendant Fein Such sent three letters to the plaintiffs: two claiming that HSBC held their mortgage, and the third claiming that Wells Fargo held their mortgage. Exhibit C. Both of these things cannot be true, and together these statements would confuse a reasonable person. This violates the FDCPA.

**COUNT I**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. 1692 *et seq*.**

27. Plaintiff reincorporates by reference all allegations set forth elsewhere in the Complaint.

28. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

29. The mortgage loan that is the subject of this litigation is a debt as that term is defined by 15 U.S.C. 1692a(5).

30. Defendant Fein Such is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

31. Fein Such was not retained as a debt collector and/or loan servicing company for the loan that is the subject of this litigation until after the debt was in default.

32. Fein Such engaged in conduct violating one or more sections of 15 U.S.C. 1692 *et seq*. by doing the following non-exhaustive list of acts.

a. Fein Such made false, deceptive and/or misleading representations in connection with its efforts to collect a debt as prohibited by 15 U.S.C. 1692e.

b. Fein Such made false representations as to the character and amount of the debt it sought to collect from Plaintiff, in violation of 15 U.S.C. 1692e(2).

c. Fein Such knew or should have known through its client, Wells Fargo, that the plaintiffs' loan was not delinquent in the fashion that it described, because the plaintiffs had so advised Wells Fargo.

Subsection 10 of 15 USC 1692 prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Fein Such violated this provision by demanding payment of the sum it requested to satisfy the debt.

Also Fein Such sent identical letters to the plaintiff on behalf of both Wells and HSBC, and then proceeded to file for foreclosure in the name of HSBC.

In accordance with the previous recitation, neither Wells nor HSBC was permitted to sue for foreclosure, which Fein Such knew or should have known.

d. Fein Such's demand for payment in the amount they requested was a demand for payment of funds not owed and fees not incurred.

33. Fein Such is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

34. Fein Such was not retained as a debt collector for the loan that is the subject of this litigation until after the debt was in default.

35. Fein Such engaged in conduct violating one or more

sections of 15 U.S.C. 1692 *et seq* by doing the following non-exhaustive list of acts.

a. Fein Such made and/or used false, deceptive and/or misleading representations in connection with its efforts to collect a debt as prohibited by 15 U.S.C. 1692e.

b. Fein Such made and/or used false representations as to the character and amount of the debt it sought to collect from Plaintiff, in violation of 15 U.S.C. 1692e(2).

c. Fein Such certified the accuracy of Wells Fargo's assertions in connection with the debt collection litigation as required by New Jersey Court Rules. In doing so, Fein Such affirmed the use of false allegations in an effort to collect money not owed by Plaintiff.

d. Fein Such's demand for payment in the amount sought was a demand for funds not owed and fees not incurred.

e. Plaintiff HSBC, which Fein Such represented, does not actually own the debt that it claims the plaintiff owes. Instead, HSBC cannot own the debt because the assignment reflects that it was made after the HSBC trust was closed. In addition the assignment contains the forged signatures and titles of WF reps on documents as part of the assignment. It is well established that HSBC and Wells Fargo admitted to "robosigning" which created fake documents, in order to foreclose on its borrowers. Exhibit C**D.**

f. Fein Such made false Certifications in the Foreclosure papers by endorsing these fraudulent transfers**. Foreclosure Complaint attached as Exhibit E.**

Plaintiffs, the defendants in the foreclosure suit in which Fein Such represents

HSBC, the plaintiff in the foreclosure suit, have been harmed by Fein Such's violations of the FDCPA,

as described above. FDCPA is a strict liability statute that requires no intent on the part of the defendant

Fein Such. Rather, Fein Such is charged with properly obeying this statute, which it has failed to do,

by reason of its failure to analyse the underlying mortgage documents and the debt which it sought

to enforce by means of the foreclosure suit.


**WHEREFORE**, PLAINTIFF demands:

    a. Compensatory Damages

    b. Punitive Damages

    c. Statutory Damages

    d. Restitution

    e. Injunctive Relief

    f. Attorney fees and costs

    g. All other relief this Court determines to be just and

      fair.


**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury and will not be

satisfied with fewer than six jury members.


ATTORNEYS FOR PLAINTIFF

Jan. 2, 2018                /s/ Elizabeth T. Foster



# UNITED STATES OF AMERICA

SECURITIES AND EXCHANGE COMMISSION

## ATTESTATION

I HEREBY ATTEST

*that:*

*Attached is a copy of Form 8-K, current report, dated September 28, 2007, received in this Commission on October 12, 2007, under the name of Wells Fargo Mortgage Backed Securities 2007-14 Trust, File No. 333-143751-01, pursuant to the provisions of the Securities Exchange Act of 1934.*

on file in this Commission

12/04/2017

Date

ALICIA HOEFKE

Digitally signed by ALICIA HOEFKE
Date: 2017.12.04 09:18:35 -05'00'

Alicia Hoefke, Records & Information Mgmt Specialist

It is hereby certified that the Secretary of the U.S. Securities and Exchange Commission, Washington, DC, Commission was created by the Securities Exchange Act of 1934 (15 U.S.C. 78a et seq.) is the official custodian of the records and files of said Commission and was such official custodian at the time of executing the above attestation, and that he/she, and persons holding the positions of Deputy Secretary, Assistant Director, Records Officer, Branch Chief of Records Management, Records and Information Management Specialist, and the Program Analyst for the Records Officer, or any one of them, is authorized to execute the above attestation.

For the Commission

Secretary

SEC 334 (12/

**Exhibit A**

The Original Group I Class I-B-6 Percentage is 0.25062169%.

(b) Original Group II Class II-B-6 Percentage.

The Original Group II Class II-B-6 Percentage is 0.10020099%.

Section 11.20 Closing Date.

The Closing Date is September 28, 2007.

Section 11.21 Right to Purchase.

The right of the Depositor to purchase all of the Mortgage Loans pursuant to Section 9.01 hereof shall be conditioned upon the aggregate Scheduled Principal Balance of the Mortgage Loans being less than $556,073,039.66 (10% of the Cut-Off Date Aggregate Principal Balance) at the time of any such purchase.

Section 11.22 Single Certificate.

A Single Certificate for the Class I-A-1, Class I-A-3, Class I-A-6, Class I-A-9, Class I-A-12, Class I-A-27, Class I-A-28, Class I-A-30, Class I-A-31, Class I-A-33, Class I-A-34, Class I-A-36, Class I-A-37, Class I-A-39, Class I-A-40, Class I-A-42, Class I-A-43, Class I-A-45, Class I-A-46, Class I-A-48, Class II-A-1 and Class II-A-2 represents a $25,000 Denomination. A Single Certificate for the Class I-A-2, Class I-A-5, Class I-A-8, Class I-A-11, Class I-A-14, Class I-A-15, Class I-A-17, Class I-A-18, Class I-A-20, Class I-A-21, Class I-A-23, Class I-A-24, Class I-A-26, Class I-A-29, Class I-A-32, Class I-A-35, Class I-A-38, Class I-A-41, Class I-A-44, Class I-A-47, Class I-A-52, Class I-A-53, Class I-A-54, Class I-A-55, Class I-A-56, Class I-A-57, Class I-A-PO, Class II-A-3, Class II-A-PO, Class I-B-1, Class I-B-2 and Class I-B-3 Certificates represents a $100,000 Denomination. A Single Certificate for the Class I-A-4 Certificates represents a $2,498,000 Denomination. A Single Certificate for the Class I-A-7 Certificates represents a $3,326,000 Denomination. A Single Certificate for the Class I-A-10 Certificates represents a $3,003,000 Denomination. A Single Certificate for the Class I-A-13 Certificates represents a $3,314,000 Denomination. A Single Certificate for the Class I-A-16 Certificates represents a $3,487,000 Denomination. A Single Certificate for the Class I-A-19 Certificates represents a $5,141,000 Denomination. A Single Certificate for the Class I-A-22 Certificates represents a $1,210,000 Denomination. A Single Certificate for the Class I-A-25 Certificates represents a $1,840,000 Denomination. A Single Certificate for the Class I-A-49 Certificates represents a $2,099,000 Denomination. A Single Certificate for the Class I-A-50 Certificates represents a $4,500,000 Denomination. A Single Certificate for the Class I-A-51 Certificates represents a $3,129,000 Denomination. A Single Certificate for the Residual Certificate represents a $100 Denomination. A Single Certificate for the Class I-B-4, Class I-B-5, Class I-B-6, Class II-B-1, Class II-B-2, Class II-B-3, Class II-B-4, Class II-B-5 and Class II-B-6 Certificates represents a $250,000 Denomination.

Section 11.23 Servicing Fee Rate.

The rate used to calculate the Servicing Fee is equal to such rate as is set forth on the Mortgage Loan Schedule with respect to a Mortgage Loan.

Section 11.24 Master Servicing Fee Rate.

The rate used to calculate the Master Servicing Fee for each Mortgage Loan shall be 0.010% per annum.
<PAGE>

IN WITNESS WHEREOF, the Depositor, the Master Servicer and the Trustee have caused their names to be signed hereto by their respective officers thereunto duly authorized, all as of the day and year first above written.

WELLS FARGO ASSET SECURITIES CORPORATION
as Depositor

By: /s/ Bradley A. Davis
Name: Bradley A. Davis
Title: Vice President

CONVEYANCE OF MORTGAGE LOANS;
ORIGINAL ISSUANCE OF THE CERTIFICATES

Section 2.01 Conveyance of Mortgage Loans.

(a) The Depositor, concurrently with the execution and delivery hereof, does hereby assign to the Trustee, without recourse all the right, title and interest of the Depositor in and to (a) the Trust Estate, including all interest (other than the portion, if any, representing the Fixed Retained Yield) and principal received by the Depositor on or with respect to the Mortgage Loans after the Cut-Off Date (and including scheduled payments of principal and interest due after the Cut-Off Date but received by the Depositor on or before the Cut-Off Date and Unscheduled Principal Receipts received or applied on the Cut-Off Date, but not including payments of principal and interest due on the Mortgage Loans on or before the Cut-Off Date), (b) the Insurance Policies, (c) the obligations of the Servicers under the Servicing Agreements with respect to the Mortgage Loans, (d) the right to receive amounts, if any, payable on behalf of any Mortgagor from the Subsidy Account relating to any Subsidy Loan, (e) all of the Depositor's right, title and interest in and to the proceeds of the Letters of Credit and (f) proceeds of all the foregoing. It is agreed and understood by the Depositor and the Trustee that it is not intended that any mortgage loan be included in the Trust Estate that is a "High-Cost Home Loan" as defined in any of (i) the New Jersey Home Ownership Act effective November 27, 2003, (ii) the New Mexico Home Loan Protection Act effective January 1, 2004, (iii) the Massachusetts Predatory Home Loan Practices Act effective November 7, 2004 or (iv) the Indiana Home Loan Practices Act, effective January 1, 2005.

In connection with such assignment, the Depositor shall, with respect to each Mortgage Loan, deliver, or cause to be delivered, to the Custodian, on or before the Closing Date the following documents or instruments with respect to each Mortgage Loan.

(i) The original Mortgage Note either (A) endorsed in blank or (B) endorsed as provided in Section 2.01(d), with all prior and intervening endorsements as may be necessary to show a complete chain of endorsements or with respect to any Mortgage Loan as to which the original Mortgage Note has been permanently lost or destroyed and has not been replaced, a lost note affidavit with a copy of the Mortgage Note and, in the case of any Mortgage Loan originated in the State of New York documented by a NYCEMA, the NYCEMA, the new Mortgage Note, if applicable, the consolidated Mortgage Note and the consolidated Mortgage;

(ii) A recorded original assignment of the related Mortgage from Wells Fargo Bank assigning the related Mortgage to the Trustee (which may be assigned in blank), certified by the recording office, or, if such assignment is in the process of being recorded, a copy of the related Mortgage transmitted for recordation certified by an officer of Wells Fargo Bank or applicable Wells Fargo Bank Correspondent to be a true and correct copy of such assignment submitted for recordation; provided, however, if recordation is not required as described below, an assignment in recordable form (which may be assigned in blank) with respect to the related Mortgage;

(iii) The original of each assumption agreement, modification, written assurance or substitution agreement pertaining to such Mortgage Note, if any;

(iv) For each Mortgage Loan secured by Co-op Shares, the originals of the following documents or instruments:

(a) The loan security agreement;

(b) The stock certificate;

(c) The stock power, executed in blank;

(d) The executed proprietary lease;

(e) The executed recognition agreement;

(f) The executed UCC-1 financing statement with evidence of recording thereon; and

(g) The executed UCC-3 financing statements or other appropriate UCC financing statements required by state law, evidencing a complete and unbroken chain from the

***Send All Notices to Assignee***

RECORDING REQUESTED AND PREPARED BY:
**WELLS FARGO BANK, N.A.**
**1000 BLUE GENTIAN RD**
**SUITE 200**
**EAGAN MN 55121**
**BRENDA E KUETHER**

AND WHEN RECORDED MAIL TO:
**WELLS FARGO BANK, N.A.**
**MAC: N9289-016**
**PO BOX 1629**
**EAGAN, MN 55121-4400**
**ATTN: ASSIGNMENT TEAM**

MORRIS COUNTY, NJ
Ann F. Grossi
ASGN-OR BOOK 22706 PG 990
RECORDED 05/12/2015 09:14:39
FILE NUMBER 2015027076
RCPT # 1055305; RECD BY: BREA eRecord
RECORDING FEES 40.00
INDEX FEE

---

**ASSIGNMENT OF MORTGAGE**

For good and valuable consideration, the sufficiency of which is hereby acknowledged, **WELLS FARGO BANK, N.A. , 1 HOME CAMPUS DES MOINES, IA 50328** , by these presents does convey, grant, bargain, sell, assign, transfer and set over to: **HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-14 636 GRAND REGENCY BLVD. , BRANDON, FL 33510** , the following described Mortgage with all interest, all liens, and any rights due or to become due thereon. Said Mortgage for **$405000.00** is recorded in the State of **NEW JERSEY** , County of **Morris** Official Records, dated **08/24/2007** and recorded on **09/20/2007** , as Instrument No. **2007085050** , in Book No. **20923** , at Page No. **0510** .

Original Mortgagor: **DEBORA A. SCHMIDT AND JAMES TODD SCHMIDT, WIFE AND HUSBAND**
Original Mortgagee: **WELLS FARGO BANK, N.A.**
Property Address: **14 N[illegible] PLACE RANDOLPH, NJ 07869**
Date: **05/11/2015**

**WELLS FARGO BANK, N.A.**
By:

[signature]

JOHN KEALY, Vice President Loan Documentation

STATE OF MN
COUNTY OF Dakota } s.s.

On **05/11/2015** , before me **JANET L JONES** , Notary Public, personally appeared **JOHN KEALY , Vice President Loan Documentation** of **WELLS FARGO BANK, N.A.** personally known to me (or proved to me on the basis of satisfactory evidence), to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument, the person or entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

[signature]

JANET L JONES, Notary Public
Commission #: **20349147**
My Commission Expires: **01/31/2017**

JANET L. JONES
NOTARY PUBLIC-MINNESOTA
My Commission Expires
January 31, 2017

Drafted By: **BRENDA E KUETHER**

This is not an official copy

Exhibit B



2012056689 00143
FORSYTH CO, NC FEE $26.00
PRESENTED & RECORDED:
12-20-2012 12:56:12 PM
C. NORMAN HOLLEMAN
REGISTER OF DEEDS
BY: S GRIFFITH
ASST

BK: RE 3097
PG: 2958-2958

Prepared By: KELLY PARKER, WELLS FARGO BANK, N.A. 2701 WELLS FARGO WAY, MAC X9998-018, MINNEAPOLIS, MN 55467-8000 1-866-234-8271

**CORPORATE ASSIGNMENT OF DEED OF TRUST**

Forsyth, North Carolina
"SINGLETON JR"

Date of Assignment: December 13th, 2012
Assignor: WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WACHOVIA BANK, NATIONAL ASSOCIATION at 1 HOME CAMPUS, DES MOINES, IA 50328
Assignee: SPARTA GP HOLDING REO CORP at 4101 WISEMAN BLVD, SAN ANTONIO, TX 78251

Executed By: DANNY L SINGLETON JR, AND WIFE, BARBARA G. SINGLETON To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR SOUTHTRUST MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS
Date of Deed of Trust: 07/16/2004 Recorded: 07/16/2004 in Book/Reel/Liber: RE 2488 Page/Folio: 3082 as Instrument No.: 2004050373 In the County of Forsyth, State of North Carolina.

Property Address: 1077 TEAGUE RD., WINSTON SALEM, NC 27107

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Deed of Trust having an original principal sum of $133,500.00 with interest, secured thereby, with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Deed of Trust.

TO HAVE AND TO HOLD the said Deed of Trust, and the said property unto the said Assignee forever, subject to the terms contained in said Deed of Trust. IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above written:

WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WACHOVIA BANK, NATIONAL ASSOCIATION
On 12/14/12

By: Yves Akara Kenao
Vice President Loan Documentation

STATE OF Minnesota
COUNTY OF Dakota

On 12/14/12, before me, John Kealy, a Notary Public in Dakota County in the State of Minnesota, personally appeared Yves Akara Kenao, Vice President Loan Documentation being by me duly sworn and duly executed of WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WACHOVIA BANK, NATIONAL ASSOCIATION, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument and acknowledged the assignment of the above-referenced Deed of Trust.

WITNESS my hand and official seal on 12-14-12

John Kealy
Notary Expires: 1/31/2017

JOHN KEALY
NOTARY PUBLIC-MINNESOTA
My Commission Expires
January 31, 2017
(This area for notarial seal)

Recording Requested By: WELLS FARGO BANK, N.A.
When Recorded Return To: DEFAULT ASSIGNMENT, WELLS FARGO BANK, N.A. MAC: X9998-018PO BOX 1629, MINNEAPOLIS, MN 55440-9790

ENVELOPE

*KP1*KP1WFEB*12/13/2012 01:48:51 PM* WFEM01WFEMA000000000000000060244* NCFORSY* NCSTATE_TRUST_ASSIGN_ASSN **KJWFEM*



7 Century Drive, Suite 201
Parsippany, NJ 07054
Telephone: 973-538-4700
Facsimile: 973-538-8234

January 3, 2017

**VIA REGULAR MAIL**
DEBORA A SCHMIDT
14 NINA PLACE
RANDOLPH, NJ 07869

RE: Borrower: DEBORA SCHMIDT and JAMES TODD SCHMIDT
Creditor: WELLS FARGO HOME MORTGAGE
Property Address: 14 NINA PLACE , RANDOLPH NJ 07869
Our File No.: 576HEW
Mortgage Loan No.: ******7117

Dear Borrower:

**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS NOTICE DOES NOT IMPLY THAT THE MORTGAGEE IS ATTEMPTING TO COLLECT MONEY FROM ANYONE WHO IS NOT AN OBLIGOR ON THE LOAN OR WHOSE DEBT HAS BEEN DISCHARGED UNDER THE BANKRUPTCY OR ANY OTHER LAWS OF THE UNITED STATES.**

Please be advised that this firm has been retained to represent the above named mortgage creditor. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

The loan under which you are indebted has been referred to us for foreclosure. While the foreclosure process has begun, you may still have alternatives available to you to avoid foreclosure sale.

It's not too late to explore alternatives. You may have had an unexpected expense, loss of income, or another circumstance that has prevented you from making your mortgage payments.

Your mortgage loan servicer may have sent you one or more Borrower Solicitation Packages. The good news is that you can still be evaluated for alternatives to foreclosure even if you have previously shown no interest.

Exhibit C

Provided that you are interested in exploring alternatives to foreclosure, you should contact your mortgage loan servicer to obtain a Borrower Solicitation Package. Please understand that if you wish to be considered for available foreclosure prevention alternatives, you must submit a Borrower Solicitation Package to your mortgage loan servicer. The mortgage loan servicer's toll free telephone number is . If you elect to send a Borrower Solicitation Package to your mortgage loan servicer, please forward it to the address and/or fax number and/or email address set forth in the cover letter of the Borrower Solicitation Package.

Once your mortgage loan servicer has evaluated your information you will be contacted about the options and next steps by the mortgage loan servicer.

Sincerely,

FEIN, SUCH, KAHN & SHEPARD, P.C.





7 Century Drive, Suite 201
Parsippany, NJ 07054
Telephone: 973-538-4700
Facsimile: 973-538-8234

January 5, 2017

**VIA REGULAR MAIL**
DEBORA A SCHMIDT
14 NINA PLACE
RANDOLPH, NJ 07869

RE: Borrower: DEBORA SCHMIDT and JAMES TODD SCHMIDT
Creditor: WELLS FARGO HOME MORTGAGE
Property Address: 14 NINA PLACE , RANDOLPH NJ 07869
Our File No.: 576HEW
Mortgage Loan No.: ******7117

Dear Borrower:

**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS NOTICE DOES NOT IMPLY THAT THE MORTGAGEE IS ATTEMPTING TO COLLECT MONEY FROM ANYONE WHO IS NOT AN OBLIGOR ON THE LOAN OR WHOSE DEBT HAS BEEN DISCHARGED UNDER THE BANKRUPTCY OR ANY OTHER LAWS OF THE UNITED STATES.**

Please be advised that this firm has been retained to represent the above named mortgage creditor. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

The loan under which you are indebted has been referred to us for foreclosure. While the foreclosure process has begun, you may still have alternatives available to you to avoid foreclosure sale.

It's not too late to explore alternatives. You may have had an unexpected expense, loss of income, or another circumstance that has prevented you from making your mortgage payments.

Your mortgage loan servicer may have sent you one or more Borrower Solicitation Packages. The good news is that you can still be evaluated for alternatives to foreclosure even if you have previously shown no interest.



Provided that you are interested in exploring alternatives to foreclosure, you should contact your mortgage loan servicer to obtain a Borrower Solicitation Package. Please understand that if you wish to be considered for available foreclosure prevention alternatives, you must submit a Borrower Solicitation Package to your mortgage loan servicer. The mortgage loan servicer's toll free telephone number is . If you elect to send a Borrower Solicitation Package to your mortgage loan servicer, please forward it to the address and/or fax number and/or email address set forth in the cover letter of the Borrower Solicitation Package.

Once your mortgage loan servicer has evaluated your information you will be contacted about the options and next steps by the mortgage loan servicer.

Sincerely,

FEIN, SUCH, KAHN & SHEPARD, P.C.



7 Century Drive, Suite 201
Parsippany, NJ 07054
Telephone: 973-538-4700
Facsimile: 973-538-8234

January 4, 2017

**VIA REGULAR AND CERTIFIED MAIL**
DEBORA A SCHMIDT
14 NINA PLACE
RANDOLPH, NJ 07869

RE: Borrower: DEBORA SCHMIDT and JAMES TODD SCHMIDT
Creditor: HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-14
Property Address: 14 NINA PLACE, RANDOLPH, NJ 07869
Our File No.: 576HEW
Mortgage Loan No.: ******7117

Dear DEBORA A SCHMIDT :

**THIS FIRM IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS NOTICE IS REQUIRED BY THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND DOES NOT IMPLY THAT THE MORTGAGEE IS ATTEMPTING TO COLLECT MONEY FROM ANYONE WHO IS NOT AN OBLIGOR ON THE LOAN OR WHOSE DEBT HAS BEEN DISCHARGED UNDER THE BANKRUPTCY OR ANY OTHER LAWS OF THE UNITED STATES.**

Please be advised that this firm has been retained to represent the above named mortgage creditor. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

If you have any questions regarding this matter, please contact FEIN, SUCH, KAHN & SHEPARD, P.C. at (973) 538-4700 between the hours of 9:00 a.m. and 5:00 p.m., Monday through Friday.

As of the date of this letter, you owe a balance of $392,507.32. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay

2316065018

NEVER REC'D CERTIFIED MAIL

may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before processing your payment. For more detailed payoff information, please submit a written request via fax at 973-538-8234.

Unless, within thirty days after receipt of this notice, you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid. If, within thirty days after your receipt of this notice, you notify us in writing that the debt or any portion thereof is disputed, we will obtain a verification of the debt or, if the debt is founded upon a judgment, a copy of any such judgment, and we will mail to you a copy of such verification or judgment. If the original creditor is different from the creditor named above, then upon your written request within thirty days after the receipt of this notice we will provide you with the name and address of the original creditor.

However, if you dispute the debt in writing or if you request proof of the debt or the name and address of the original creditor within the thirty day time period that begins upon receipt of this letter, the law requires that we stop our collection efforts (through litigation or otherwise) to collect the debt or until we mail the requested information to you.

This firm is hired to collect on this debt but will only file a foreclosure suit in New Jersey and will not file suit anywhere outside of New Jersey. The law does not require that we wait until the end of the thirty-day period before commencing suit against you in New Jersey to collect this debt except that if, you request proof of the debt or the name and address of the original creditor within the thirty day time period that begins upon your receipt of this notice, the law requires that we stop our collection efforts (through foreclosure in New Jersey) to collect the debt until we mail the requested information to you.

Very truly yours,
FEIN, SUCH, KAHN & SHEPARD, P.C.



Menu

(https://www.consumeraffairs.com/)

# HSBC paying $470 million to settle mortgage abuse claims

## Much of the money will go to consumers who lose their homes to foreclosure

02/05/2016 | ConsumerAffairs | Foreclosure Lawsuits (https://www.consumeraffairs.com/foreclosure-lawsuits)

**By James R. Hood**

ConsumerAffairs' founder and former editor, Jim Hood formerly headed Associated Press Broadcast News, directing coverage of major news events worldwide. He also served as Senior Vice President of United Press International and was the founder and editor of Zapnews, a newswire service for radio and television. Read Full Bio→ (https://www.consumeraffairs.com/about/staff/jim-hood/)

Email Jim Hood (mailto:james.hood@consumeraffairs.com) Phone: 866-773-0221

HSBC Bank will be paying $470 million to settle charges that it mishandled mortgage origination, servicing, and foreclosure duties, with much of the money going to consumers who lost their homes or suffered other adverse outcomes because of HSBC's actions.

The agreement was reached by a joint federal-state task force including the U.S. Justice Department, the Department of Housing and Urban Development (HUD), and the Consumer Financial Protection Bureau, along with 49 state attorneys general and the District of Columbia's attorney general.

“This agreement is the result of a coordinated effort between federal and state partners to hold HSBC accountable for abusive mortgage practices,”

“This agreement provides for $370 million in creditable consumer relief to benefit homeowners across the country and requires HSBC to reform their servicing standards," said Acting Associate Attorney General Stuart F. Delery. "The Department of Justice remains committed to rooting out financial fraud and holding bad actors accountable for their actions.”

“This agreement not only provides relief to borrowers affected by HSBC's past practices, it puts in place protections for current and future homeowners through tough mortgage servicing standards,” said Iowa Attorney General Tom Miller. “For years we've worked together to hold mortgage servicers responsible for their past conduct. We're doing that here through this settlement and we'll continue to address bad conduct in the future.”

## Consumer relief

Under the agreement announced today, HSBC has agreed to provide more than $470 million in relief to consumers and payments to federal and state parties, including:

- HSBC will pay $100 million: $40.5 million to be paid to the settling federal parties; $59.3 million to be paid into an escrow fund administered by the states to make payments to borrowers who lost their homes to foreclosure between 2008 and 2012; and $200,000 to be paid into an escrow fund to reimburse the state attorneys general for investigation costs.
- By July 2016, HSBC will complete $370 million in creditable consumer relief directly to borrowers and homeowners in the form of reducing the principal on mortgages for borrowers who are at risk of default, reducing mortgage interest rates, forgiving forbearance, and other forms of relief.
- HSBC will be required to implement standards for the servicing of mortgage loans, the handling of foreclosures, and for ensuring the accuracy of information provided in federal bankruptcy court.

## What to do

Eligible borrowers will be contacted about how to qualify for payments. The HSBC agreement requires the company to provide certain borrowers with loan modifications or other relief. The modifications include principal reductions and refinancing for underwater mortgages.

**Exhibit D (one of 2 articles)**

Hundreds of thousands of borrowers whose loans were serviced by HSBC and who lost their home to foreclosure from January 1, 2008 through December 31, 2012 and encountered servicing abuse will be eligible for a payment from the national $59.3 million fund for payments to borrowers. The borrower payment amount will depend on how many borrowers file claims.

The settlement requires HSBC to substantially change how it services mortgage loans, handles foreclosures, and ensures the accuracy of information provided in federal bankruptcy court.

The terms will prevent past foreclosure abuses, such as robo-signing, improper documentation, and lost paperwork.

“There has to be one set of rules for everyone, no matter how rich or how powerful, and that includes lenders who engage in abusive business practices,” said New York Attorney General Eric T. Schneiderman. “The settlement announced today is a joint partnership that will create tough new servicing standards that will ensure fair treatment for HSBC’s borrowers and provide relief to customers across New York State and across the country.”

(https://www.consumeraffairs.com/finance/hsbc_mortgage.html)

*Consumers rate HSBC Mortgage (https://www.consumeraffairs.com/finance/hsbc_mortgage.html)*

Stay up to date with important consumer news:

Just enter your email here

Subscribe Now

From The Web



# Banks Pay Big for Robo-Signing...Again

Diana Olick | @DianaOlick
Published 12:34 PM ET Mon, 7 Jan 2013 | Updated 11:22 AM ET Tue, 8 Jan 2013

**Banks to Pay $8.5 Billion in Fraud Settlement**
11:35 AM ET Mon, 7 Jan 2013

The cost of faking a foreclosure document continues to rise. Ten banks now pay $8.5 billion to borrowers for so-called "robo-signing," a fraudulent practice uncovered two years ago that sent the mortgage market into yet another tail-spin.

Nearly four million borrowers will get either direct payments or mortgage assistance ranging anywhere from a few hundred dollars to over a hundred thousand dollars, according to federal regulators.

›

The settlement is the result of an independent foreclosure review ordered by the Office of the Comptroller of the Currency in 2011. It required banks to hire independent auditors to go back over loans from 2009 and 2010 to look for foreclosure abuses, but the reviews were taking too long and costing too much. (*Read More*: Mortgage Recovery Still Rocky .)

"When we began the Independent Foreclosure Review, the OCC pledged to fix what was broken, identify who was harmed, and compensate them for that injury," said Comptroller of the Currency Thomas Curry in a written statement. "While today's announcement represents a significant change in direction, it meets those original objectives by ensuring that consumers are the ones who will benefit, and that they will benefit more quickly and in a more direct manner."

The banks, including Bank of America, Citibank, JPMorgan Chase and Wells Fargo, will make $3.5 billion in direct payments to borrowers and $5.2 billion in other assistance, such as loan modifications and

FROM THE WEB Sponsored Links by Taboola

Born Before 1967? Don't Miss Out on These Exclusive Benefits
AARP

Deploy a Virtual Machine Almost Instantly with Azure
Microsoft Azure

Luxury Senior Living Apartments Near Alpine - See For Yourself!
Retirement Home | Sponsored Links

Stair Lifts Are a Hot Trend in 2017 - See Options
Stair Lift | Sponsored Links

by Taboola

What to do if you win the lottery in 2018

McDonald's to kick off Dollar Menu this week, priming it for massive growth in 2018

Maybe 2018 Will be Better: Amanda Bynes Is Plotting Her "Comeback" (BravoTV)

Puerto Rico's Christmas in the dark (NBC News)

Exhibit D -2 of 2 articles



deal. Together they service close to half a million loans. The OCC says conversations with them continue.

All 3.8 million borrowers, designated as those who were in any stage of foreclosure in 2009 or 2010, will receive something, regardless if they were wronged in any way, according to federal regulators. The loan servicers will divide borrowers into eleven different categories, and the regulators will designate a standard payment for each category.

Bank of America's share will be the largest at just under $3 billion in direct payments and borrower assistance. Bank of America took on the ills of Countrywide Financial.

"We support the new approach because it expands the number of borrowers who will receive payment, speeds the delivery of those payments, and will provide support for homeowners still struggling to make payments and encourages continued community stabilization efforts and recovery of the housing market," said Bank of America spokesman Dan Frahm.

This settlement follows a $25 billion deal last year with many of the same mortgage servicers and state attorneys general. So far that has resulted in nearly $22 billion in consumer relief and $4.2 billion pending to 300,000 borrowers through the end of September, roughly $84,385 per homeowner. (*Read More*:Forty States Sign On to Foreclosure ...o' Settlement.)

...closures Plunge, but New States Now Suffer

...tra Images | Getty Images

The announcement of Monday's deal, however, brought criticism that ...end of the reviews would close the book on a nasty chapter in the mortgage market that was just beginning to come to light.

"There will never be an analysis of the lenders violations and wrongful acts that caused this mortgage crisis," said Bruce Marks, CEO of the Neighborhood Assistance Corporation of America. "That's why I believe these lenders want to put this to bed now." (*Read More*: Housing Recovers, but the Repo Man Is Back .)

Payments to borrowers will be administered by a "payment agent," according to a release from the OCC and the Federal Reserve, and eligible borrowers are expected to be contacted by the end of March with details. Some lawmakers are troubled by details like this and the rush to settle.

"I am deeply disappointed that the OCC and the Federal Reserve finalized this settlement and effectively terminated the Independent Foreclosure Review process before providing Congress answers to serious questions about how this settlement amount was determined, who these funds will go to, and what will happen to other families who were abused by these mortgage servicing companies but have not yet had their cases reviewed," said Rep. Elijah E. Cummings, D-Md. and ranking member of the House Committee on Oversight and Government Reform, in a statement. "I do not know what the rush was to make this settlement without answering these key questions."

(*Read More*: Best US Housing Markets for Buyers and Sellers .)

While some of the money will go to help borrowers currently behind on their mortgages, many who already lost their homes to foreclosure will

MENU

Jackson and It Got Really Savage (BravoTV)

Teens charged with murder after man killed by falling sandbag (NBC News)

Promoted Links

MOST POPULAR

1. How to buy ripple, one of the hottest bitcoin competitors

2. With one simple tweet, Elon Musk shows a masterful lesson in leadership

3. Bitcoin rises after report says early Facebook investor Peter Thiel is buying massive amounts

4. There's a new hottest cryptocurrency of 2018 so far: stellar

5. Trump says his 'Nuclear Button' is 'bigger' and more powerful than Kim Jong Un's



little to bring those numbers down.

"It remains to be see how the money will be spent. But you would need hundreds of billions of dollars to put a dent in foreclosures via principal forgiveness," said Guy Cecala of Inside Mortgage Finance.

He thinks the settlements should pave the way for more normal foreclosure processing. "Could we see a surge in foreclosures as banks move to clear the pipeline of defaulted mortgages? Possibly, now that most of the robo-signing charges are behind them."

*—By CNBC's Diana Olick; Follow her on Twitter @Diana_Olick or on Facebook at facebook.com/DianaOlickCNBC*

*Questions? Comments? RealtyCheck@cnbc.com*

Diana Olick
CNBC Real Estate Reporter

RELATED SECURITIES

| Symbol | Price | | Change | %Change |
|---|---|---|---|---|
| BAC | 29.90 | ▲ | 0.38 | 1.29% |
| C | 74.36 | ▼ | -0.05 | -0.07% |
| [illegible] | 107.95 | ▲ | 1.01 | 0.94% |
| [illegible] | 61.09 | ▲ | 0.42 | 0.69% |
| RBANK | --- | --- | --- | --- |
| [illegible] | 25.3872 | ▲ | 0.2672 | 1.06% |
| HSFC'B | --- | --- | --- | --- |
| HSBA | 765.10 | ▼ | -1.80 | -0.23% |

MORE FROM CNBC by Taboola

2018 will bring a disastrous geopolitical event that rivals the 2008 financial crisis, says foreign policy expert Ian Bremmer

Mauricio Umansky Says "Nothing Replaces Family" After Home Was Broken Into (BravoTV)

There's a new hottest cryptocurrency of 2018 so far: stellar

Welcome to the age of 'million-dollar poverty'

New year, new tax brackets. Here's where you stand

This rollover mistake can sink your retirement savings

FEIN, SUCH, KAHN & SHEPARD, P.C.
ROBERT E. SMITHSON, JR.-000392012
7 Century Drive, Suite 201
Parsippany, New Jersey 07054
(973) 538-9300
576HEW
Attorney for Plaintiff

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS -THROUGH CERTIFICATES, SERIES 2007-14<br>Plaintiff<br>vs.<br>DEBORA A. SCHMIDT AND JAMES TODD SCHMIDT, WIFE AND HUSBAND; JULIE KOPKO; CAPITAL ONE BANK USA NA; JPMORGAN CHASE BANK, N.A.:<br>Defendant | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION-<br>MORRIS COUNTY<br><br>DOCKET NO.:<br><br>CIVIL ACTION<br><br>FORECLOSURE COMPLAINT |

HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-14 (hereinafter "plaintiff"), C/O its servicer, Wells Fargo Bank, NA, dba America's Servicing Company, a national bank chartered out of Sioux Falls, SD with its place of business being located at 101 North Phillips Avenue, Sioux Falls, SD 57104, by way of complaint says:

FIRST COUNT

1. On August 24, 2007, DEBORA A. SCHMIDT and JAMES TODD

Exhibit E

SCHMIDT executed to WELLS FARGO BANK, N.A., a fixed rate Note in the sum of $405,000.00 payable on September 1, 2037, with interest at the initial rate of 6.375% per annum, payable by payments of $2,526.67 for interest and principal. The Note further provides a late charge of 5.0 percent for any payment not received 15 days from the date due.

2. To secure the payment of the Note, DEBORA A. SCHMIDT and JAMES TODD SCHMIDT, executed to WELLS FARGO BANK, N.A., a Mortgage on August 24, 2007, and thereby conveyed to it, in fee the land hereinafter described on SCHEDULE A (hereinafter "Mortgaged Premises"). Said Mortgage was recorded in the Office of the Register of MORRIS County in Mortgage Book 20923, Page 510, on September 20, 2007. This is a Non Purchase Money Mortgage. The Mortgage has been assigned as follows:

2.1 By assignment of mortgage executed on May 11, 2015 from WELLS FARGO BANK, N.A. to HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-14, plaintiff herein. Said assignment of mortgage was recorded in the Office of the Register of MORRIS County, in Book 22708, Page 990, on May 12, 2015.

3. On December 30, 2012, DEBORA A. SCHMIDT and JAMES TODD

**FEIN, SUCH, KAHN & SHEPARD, P.C.**
7 Century Drive, Suite 201
Parsippany, New Jersey 07054
(973) 538-9300
Attorney for Plaintiff
576HEW

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIE S CORPORATION. MORTGAGE PASS -THROUGH CERTIFICATES, SERIES 2007-14<br>Plaintiff<br>vs.<br>DEBORA A. SCHMIDT, et als.<br>Defendant | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION-MORRIS COUNTY<br>DOCKET NO.: F-8075-17<br>CIVIL ACTION<br>**CIVIL ACTION CERTIFICATION OF PROOF OF AMOUNT DUE AND SCHEDULE** |

Alicia Barksdale, of full age, hereby states:

1. I, Alicia Barksdale, am employed by Wells Fargo Bank, N.A. ("Wells Fargo") at its Charlotte, North Carolina office as a Vice President Loan Documentation. In the regular performance of my job functions, I am familiar with Wells Fargo's books and business records concerning the Promissory Note and Mortgage loan described in the plaintiff's complaint and maintained by Wells Fargo for the purpose of servicing mortgage loans. These records (which include data compilations, electronically imaged documents and/or others) are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by Wells Fargo. It is the regular practice of Wells Fargo's mortgage servicing business to make these records. In connection with making this affidavit, I have acquired personal knowledge of the matters stated herein by examining business records related to the subject mortgage loan. Said mortgage loan servicer is authorized to service and handle mortgage transactions on behalf of the plaintiff involving the borrowers named in plaintiff's complaint. The plaintiff has not revoked said mortgage loan servicer's authority and, as such, I have the authority to make, on behalf of the plaintiff, the amount due computation presented in the attached schedule of amount due.

2. Said books and business records indicate that the default of the defendant(s)-borrower(s) remains

uncured and there is due to the Plaintiff the sum of $413,743.25, as set forth in the Proof of Amount Schedule(s) ("Schedule") annexed hereto. I have reviewed all entries and calculations in the Schedule, and they are correct.

3. HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-14, directly or through an agent, has possession of the Promissory Note. HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-14 is either the original payee of the Promissory Note or the Promissory Note has been duly indorsed.

4. I understand that the Court will rely upon this certification in support of the Plaintiff's application for a foreclosure judgment in the within action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 09/26/2017

Alicia Barksdale
Vice President Loan Documentation
Wells Fargo Bank, N.A.

# AMOUNT DUE SCHEDULE

NOTE AND MORTGAGE DATED 08/24/2007
Recorded on 09/20/2007, in MORRIS County, in Book 20923 at Page 510
Property Address: 14 NINA PLACE, RANDOLPH, NJ 07869
Mortgage Holder: HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-14

## STATEMENT OF AMOUNT DUE

| | | |
|---|---|---|
| Unpaid Principal Balance as of 09/20/2017 | | $ 336,573.23 |
| Non-Interest Second Principal Balance as of 09/20/2017 | | $ 44,167.36 |
| Interest from 07/01/2016 to 09/20/2017 | | $ 20,180.77 |
| ** (Interest rate = variable) | | |
| Late Charges from 08/01/2016 to 03/31/2017 | | $ 309.79 |
| ($100.19/mo x 2 mos) $200.38<br>($109.41/mo x 1 mo) $109.41 | | |
| Advances through 09/20/2017 for: | | |
| Real Estate Taxes | $ 11,719.10 | |
| 07/24/2017 $3,233.21 | | |
| 04/24/2017 $3,511.77 | | |
| 01/13/2017 $3,511.77 | | |
| 10/14/2016 $1,462.35 | | |
| Home Owners Insurance Premiums | $ 793.00 | |
| 04/28/2017 $793.00 | | |
| Mortgage Insurance Premiums | $ 0.00 | |
| Inspections | $ 0.00 | |
| Winterizing/Securing/Property Preservation | $ 0.00 | |
| **Sub-total of Advances** | $ 12,512.10 | |
| **Credits to Borrower** | ($ 0.00) | |
| **Net Advances** | | $ 12,512.10 |
| Interest on Advances from 00/00/0000 to 00/00/0000 | | $ 0.00 |

Other Charges or Credits (specify): $ 0.00

**Total Due as of** 09/20/2017 $ 413,743.25

**See attached Schedule 1 to Attachment A

Date: 09/26/2017

Alicia Barksdale
Vice President Loan Documentation
Wells Fargo Bank, N.A.

Surplus money: If after the sale and satisfaction of the mortgage debt including costs and expenses, there remains any surplus money, the money will be deposited into the Superior Court Trust Fund and any person claiming the surplus or any part thereof, may file a motion pursuant to Court Rules 4:64-3 and 4:57-2 stating the nature and extent of that person's claim and asking for an order directing payment of the surplus money. The Sheriff or other person conducting the sale will have information regarding the surplus, if any.

FEIN, SUCH, KAHN & SHEPARD, P.C.
ROBERT E. SMITHSON, JR.-000392012
7 Century Drive, Suite 201
Parsippany, New Jersey 07054
(973) 538-9300
576HEW
Attorney for Plaintiff

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS -THROUGH CERTIFICATES, SERIES 2007-14<br>Plaintiff<br>vs.<br>DEBORA A. SCHMIDT AND JAMES TODD SCHMIDT, WIFE AND HUSBAND; JULIE KOPKO; CAPITAL ONE BANK USA NA; JPMORGAN CHASE BANK, N.A.:<br>Defendant | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION-MORRIS COUNTY<br><br>DOCKET NO.:<br><br>CIVIL ACTION<br><br>FORECLOSURE COMPLAINT |

HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-14 (hereinafter "plaintiff"), C/O its servicer, Wells Fargo Bank, NA, dba America's Servicing Company, a national bank chartered out of Sioux Falls, SD with its place of business being located at 101 North Phillips Avenue, Sioux Falls, SD 57104, by way of complaint says:

FIRST COUNT

1. On August 24, 2007, DEBORA A. SCHMIDT and JAMES TODD

**Exhibit E**

SCHMIDT executed to WELLS FARGO BANK, N.A., a fixed rate Note in

the sum of $405,000.00 payable on September 1, 2037, with

interest at the initial rate of 6.375% per annum, payable by

payments of $2,526.67 for interest and principal. The Note

further provides a late charge of 5.0 percent for any payment

not received 15 days from the date due.

2. To secure the payment of the Note, DEBORA A. SCHMIDT and

JAMES TODD SCHMIDT, executed to WELLS FARGO BANK, N.A., a

Mortgage on August 24, 2007, and thereby conveyed to it, in fee

the land hereinafter described on SCHEDULE A (hereinafter

"Mortgaged Premises"). Said Mortgage was recorded in the Office

of the Register of MORRIS County in Mortgage Book 20923, Page

510, on September 20, 2007. This is a Non Purchase Money

Mortgage. The Mortgage has been assigned as follows:

2.1 By assignment of mortgage executed on May 11, 2015 from

WELLS FARGO BANK, N.A. to HSBC BANK USA, NATIONAL ASSOCIATION AS

TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE

PASS-THROUGH CERTIFICATES, SERIES 2007-14, plaintiff herein.

Said assignment of mortgage was recorded in the Office of the

Register of MORRIS County, in Book 22708, Page 990, on May 12,

2015.

3. On December 30, 2012, DEBORA A. SCHMIDT and JAMES TODD

**FEIN, SUCH, KAHN & SHEPARD, P.C.**
7 Century Drive, Suite 201
Parsippany, New Jersey 07054
(973) 538-9300
Attorney for Plaintiff
576HEW

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIE S CORPORATION, MORTGAGE PASS -THROUGH CERTIFICATES, SERIES 2007-14<br>Plaintiff<br>vs.<br>DEBORA A. SCHMIDT, et als.<br>Defendant | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION- MORRIS COUNTY<br>DOCKET NO.: F-8075-17<br>CIVIL ACTION<br>**CIVIL ACTION CERTIFICATION OF PROOF OF AMOUNT DUE AND SCHEDULE** |

Alicia Barksdale, of full age, hereby states:

1. I, Alicia Barksdale, am employed by Wells Fargo Bank, N.A. ("Wells Fargo") at its Charlotte, North Carolina office as a Vice President Loan Documentation. In the regular performance of my job functions, I am familiar with Wells Fargo's books and business records concerning the Promissory Note and Mortgage loan described in the plaintiff's complaint and maintained by Wells Fargo for the purpose of servicing mortgage loans. These records (which include data compilations, electronically imaged documents and/or others) are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by Wells Fargo. It is the regular practice of Wells Fargo's mortgage servicing business to make these records. In connection with making this affidavit, I have acquired personal knowledge of the matters stated herein by examining business records related to the subject mortgage loan. Said mortgage loan servicer is authorized to service and handle mortgage transactions on behalf of the plaintiff involving the borrowers named in plaintiff's complaint. The plaintiff has not revoked said mortgage loan servicer's authority and, as such, I have the authority to make, on behalf of the plaintiff, the amount due computation presented in the attached schedule of amount due.

2. Said books and business records indicate that the default of the defendant(s)-borrower(s) remains

uncured and there is due to the Plaintiff the sum of $413,743.25, as set forth in the Proof of Amount Schedule(s) ("Schedule") annexed hereto. I have reviewed all entries and calculations in the Schedule, and they are correct.

3. HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-14, directly or through an agent, has possession of the Promissory Note. HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2007-14 is either the original payee of the Promissory Note or the Promissory Note has been duly indorsed.

4. I understand that the Court will rely upon this certification in support of the Plaintiff's application for a foreclosure judgment in the within action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 09/26/2017

Alicia Barksdale
Vice President Loan Documentation
Wells Fargo Bank, N.A.

**AMOUNT DUE SCHEDULE**

NOTE AND MORTGAGE DATED 08/24/2007
Recorded on 09/20/2007, in MORRIS County, in Book 20923 at Page 510
Property Address: 14 NINA PLACE, RANDOLPH, NJ 07869
Mortgage Holder: HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR WELLS FARGO ASSET SECURITIES CORPORATION, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-14

**STATEMENT OF AMOUNT DUE**

| | | |
|---|---|---|
| Unpaid Principal Balance as of 09/20/2017 | | $ 336,573.23 |
| Non-Interest Second Principal Balance as of 09/20/2017 | | $ 44,167.36 |
| Interest from 07/01/2016 to 09/20/2017 | | $ 20,180.77 |
| ** (Interest rate = variable) | | |
| Late Charges from 08/01/2016 to 03/31/2017 | | $ 309.79 |
| ($100.19/mo x 2 mos) $200.38<br>($109.41/mo x 1 mo) $109.41 | | |
| Advances through 09/20/2017 for: | | |
| Real Estate Taxes | $ 11,719.10 | |
| 07/24/2017 $3,233.21<br>04/24/2017 $3,511.77<br>01/13/2017 $3,511.77<br>10/14/2016 $1,462.35 | | |
| Home Owners Insurance Premiums | $ 793.00 | |
| 04/28/2017 $793.00 | | |
| Mortgage Insurance Premiums | $ 0.00 | |
| Inspections | $ 0.00 | |
| Winterizing/Securing/Property Preservation | $ 0.00 | |
| **Sub-total of Advances** | $ 12,512.10 | |
| **Credits to Borrower** | ($ 0.00) | |
| **Net Advances** | | $ 12,512.10 |
| Interest on Advances from 00/00/0000 to 00/00/0000 | | $ 0.00 |

| | |
|---|---|
| Other Charges or Credits (specify): | $ 0.00 |
| **Total Due as of** 09/20/2017 | $ 413,743.25 |

**See attached Schedule 1 to Attachment A

Date: 09/26/2017

Alicia Barksdale
Vice President Loan Documentation
Wells Fargo Bank, N.A.

Surplus money: If after the sale and satisfaction of the mortgage debt including costs and expenses, there remains any surplus money, the money will be deposited into the Superior Court Trust Fund and any person claiming the surplus or any part thereof, may file a motion pursuant to Court Rules 4:64-3 and 4:57-2 stating the nature and extent of that person's claim and asking for an order directing payment of the surplus money. The Sheriff or other person conducting the sale will have information regarding the surplus, if any.