UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORA SCHMIDT and<br>JAMES T. SCHMIDT,<br><br>       **Plaintiffs,**<br><br>v.<br><br>FEIN, SUCH, KAHN & SHEPARD,<br>P.C.,<br><br>       **Defendant.** | Civ. No. 18-cv-00038 (KM)<br><br>**OPINION** |

## KEVIN MCNULTY, U.S.D.J.:

Debora and James T. Schmidt bring this action under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, against the attorneys who represented their mortgagee in connection with collection efforts and, ultimately, foreclosure. The defendant, Fein, Such, Kahn & Shepard, P.C. (the "Fein firm") has filed a motion (ECF no. 7) under Rule 12(b)(6) to dismiss the complaint for failure to state a claim. For the reasons stated below, the motion will be denied.

## I.  The Complaint

The allegations of the Complaint are taken as true for purposes of this motion only. Mr. and Mrs. Schmidt purchased a residence at 14 Nina Place, Randolph, New Jersey, in 2002. In 2007, they refinanced their mortgage with Wells Fargo Bank. In the fall of 2016, following unfortunate financial reverses, the Schmidts defaulted on their mortgage.

The Fein firm, acting as a debt collector, sent the Schmidts a letter stating that they had not made their loan payment for August 2016. In actuality, they made the August payment within the grace period. They

1

acknowledge, however, that they failed to make payments in September 2016 and thereafter.

A state court action in foreclosure followed, in which the plaintiff was represented by the Fein firm. The plaintiff was an HSBC trust, which claimed to have obtained the mortgage by assignment. This claim of assignment, according to the plaintiffs, was fraudulent because the assignment violated the trust's Pooling and Servicing Agreement (PSA) in that it occurred after the trust's operations closed and was in default at the time of the transfer.

In January 2017, the Fein firm, acting as a debt collector, sent the Schmidts three letters. Two of them stated that HSBC held the mortgage, and one held that Wells Fargo held the mortgage. Because HSBC allegedly did not actually own the debt, and for other reasons, these letters misrepresented the debt in a manner that would confuse a reasonable person, and hence violated the FDCPA.[1]

## II. Standard on a motion to dismiss

Defendants have moved to dismiss the Complaint for lack of jurisdiction, citing the *Rooker-Feldman* doctrine (*see infra*). Rule 12(b)(1) governs jurisdictional challenges to a complaint. These may be either facial or factual attacks. *See* 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering such a facial challenge assumes that the allegations in the complaint are true. *See Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa*, 67 F. Supp. 2d at 438. It "review[s] only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the

---

[1] The plaintiffs have abandoned the portion of their claim that rested on one letter's misidentification of a Miss Barksdale, and analyst, as a vice president.

district court." *Common Cause of Penn. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)). In short, the standard on a facial jurisdictional challenge is similar to the usual motion to dismiss for failure to state a claim under Rule 12(b)(6).[2]

Rule 12(b)(6), Fed. R. Civ. P., provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly*, *see infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

---

[2] The motion cites Rule 12(b)(6), and not Rule 12(b)(1). Because this is a facial challenge, the standard of review is the same.

3

## III. Analysis

### 1. *Rooker-Feldman*

The Fein firm moves to dismiss the complaint under the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923);

The *Rooker-Feldman* doctrine has four essential prerequisites:

> (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

*Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). It implements the principle that federal district courts do not sit in appeal of state court judgments. To put it another way, *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus., Inc.*, 544 U.S. 280, 284 (2005).

The scope of *Rooker-Feldman* is narrow. Lower federal courts are barred from hearing only such federal claims as (1) were previously adjudicated in state court or (2) are inextricably intertwined with a prior state court decision. *See Guarino v. Larsen*, 11 F.3d 1151, 1156–57 (3d Cir. 1993); *Port Auth. Police Benev. Ass'n v. Port Auth.*, 973 F.2d 169, 178 (3d Cir. 1992). The first alternative, actual adjudication, requires little explication. As for the second, a federal claim is "inextricably intertwined" with a prior state court decision if "granting the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling." *FOCUS v. Allegheny County Court of Common Pleas.*, 75 F.3d 834, 839-40 (3d Cir. 1996).

Federal actions following state mortgage foreclosures have frequently been the subject of *Rooker-Feldman* challenges on the ground that the two were inextricably intertwined, and that the federal complaint seeks to undermine or

4

reverse the basis for the foreclosure. Typically, the plaintiff seeks rescission of the mortgage, reversal of the judgment of foreclosure, or an order barring a sheriff's sale. Such federal claims have routinely been dismissed under *Rooker-Feldman*. *See In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (claim for rescission); *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005) (claim that state court in foreclosure action lacked personal jurisdiction); *Laychock v. Wells Fargo Home Mortg.*, 399 F. App'x. 716 (3d Cir. 2010) (action predicated on "wrongful foreclosure"); *Ayres-Fountain v. E. Sav. Bank*, 153 F. App'x 91, 92 (3d Cir. 2005) (barring post-foreclosure federal claim for rescission of mortgage and damages); *Robinson v. Porges*, 382 F. App'x 133, 135 (3d Cir. 2010) ("complaint 'demands the return of his home as his own property with free and clear deed and title, as well as actual and punitive damages.' Such an award could only be made by reviewing and rejecting the state court judgments."); *Moncrief v. Chase Manhattan Mortgage Corp.*, 275 F. App'x 149, 153 (3d Cir. 2008) (barring a claim for "redress" of state court judgment in a foreclosure action).

*Rooker-Feldman* elements 1 and 3 appear to be uncontested: The Schmidts lost the state court proceeding and a judgment of foreclosure has been entered against them. Elements 2 and 4 (that the plaintiff complains of injury as a result of the prior judgment and seeks to reject it) require a bit more discussion.

The Third Circuit has signaled that caution should be exercised in finding that the federal and state issues are "inextricably intertwined." Where the federal plaintiff presents "some independent claim," *i.e.*, one that does not implicate the validity of the state court judgment, the *Rooker-Feldman* doctrine does not apply. *Exxon Mobil*, 544 U.S. at 292 (quoted in *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547–48 (3d Cir. 2006)).

*Madera*, for example, after applying *Rooker-Feldman* to bar a claim for rescission of a mortgage, went on to consider the merits of a cause of action for damages based on the title insurer's alleged failure to disclose the correct title insurance charge, in violation of the Truth in Lending Act ("TILA"). 586 F.3d at

5

232. In *Easley v. New Century Mortgage Corp.*, 394 F. App'x 946 (3d Cir. 2010), the Court upheld the application of *Rooker-Feldman* to claims that, if granted, would imply that the foreclosure judgment was invalid. It addressed the merits of other claims, however, that were based on "allegations of fraud, deception and other wrongs which pre-dated the foreclosure action," and as to which plaintiff sought consequential damages. *Id.* at 948.

The Schmidts do not here sue the mortgagee/plaintiff in the foreclosure proceeding, and they do not (at least explicitly) seek to overturn the judgment. Rather, they have sued the law firm in its role as debt collector for violating the FDCPA. In opposition to the motion to dismiss, they focus particularly on their claims in connection with three letters that the Fein firm sent in January 2017.

To be sure, their complaint contains many boilerplate allegations typical of actions to invalidate mortgages or overturn foreclosures. Some portion of the FDCPA claim or the relief sought may turn out to run afoul of *Rooker-Feldman*—for example, the claim that the attorneys violated FDCPA in connection with making factual or legal claims in the foreclosure proceeding, claims that were necessarily upheld by the judgment. But this FDCPA cause of action for damages is sufficiently independent of the claims in foreclosure that this Court has jurisdiction to hear it.[3]

The Fein firm's motion to dismiss on *Rooker-Feldman* jurisdictional grounds is denied.

---

[3] To say that the claim has a minimal jurisdictional foothold, of course, is not to say that it will succeed. The factual allegations of the complaint do indeed seem to involve many matters that were decided adversely to the Schmidts in the foreclosure—for example, the validity of the note and mortgage; the alleged default; and the plaintiff's right to foreclose (which would include plaintiff's standing by assignment or otherwise). *See Great Falls Bank v. Pardo*, 263 N.J. Super. 388, 394, 622 A.2d 1353, 1356 (Ch. Div. 1993). But *res judicata*, as the courts have frequently pointed out, is not jurisdictional, and is distinct from the *Rooker-Feldman* bar. Even where jurisdiction is confirmed, it remains an open question "whether the defendant prevails under principles of preclusion." *Exxon Mobil*, 544 U.S. at 292; *see also Easley, supra*. *Res judicata* is not raised, however, and I do not consider it now.

### B. Failure to state a claim

The Fein firm moves in the alternative to dismiss the FDCPA cause of action for failure to state a claim on which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). That motion is likewise denied.

At the heart of the motion to dismiss is the Fein firm's contention that it could not have violated FDCPA because it relied in good faith on information it received from its client. There is much to be said for the firm's position, but it cannot be resolved on a motion to dismiss. A relatively small amount of discovery should establish the truth, or not, of the allegations that the firm knowingly presented false information.

### CONCLUSION

The motion (ECF no. 7) of the defendant, Fein, Such, Kahn & Shepard, P.C., to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction under the *Rooker-Feldman* doctrine and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a FDCPA claim is DENIED.

Dated: August 29, 2018

KEVIN MCNULTY
United States District Judge